Opinion by
Will-son, J.
§ 535. Sheriff; liability of, for negligence in taking insufficient replevy bond, etc.; case stated. Mensing, Stratton & Co. sued out an attachment from the county court of Galveston county against the property of one Mayes in Milam county, which writ was placed in the hands of appellant Lipscomb, sheriff of said Milam county, who levied the same upon certain cattle belonging to Mayes,— making a “range levy” upon said cattle. [E. S. art. 2293.] Mayes thereafter executed and delivered to said sheriff an informal, insufficient replevy bond for said cattle, which said sheriff approved and released the cattle from the levy. No mention was made of this bond in the sheriff’s return of the writ of attachment. [E. S. art. 177.] Said bond, however, was sent with the writ to the county court of Galveston county, but was not filed among the papers in the attachment suit. Appellees • *483 took judgment in their attachment suit against Mayes for their debt, etc., with a foreclosure of their attachment lien upon the cattle, ignoring and disregarding the said replevy bond. Upon this judgment an order of sale issued, directed to said sheriff, commanding him to sell the cattle levied upon. He delayed executing the order of sale fifty-five days, and during this delay Mayes sold-the cattle, and the purchaser thereof removed them out of the county. When the cattle were finally sold by said sheriff under said order of sale, they brought the small sum of $75, while their value as assessed by said sheriff when he levied upon them was $550. Before levying the writ of attachment said sheriff demanded of and received from appellees an indemnity bond. This-proceeding is a motion brought by appellees in the county court of Galveston county, against said sheriff and the-sureties upon his official bond, for neglecting to hold and sell the cattle levied upon, whereby appellees lost the benefit of their attachment and levy. The case was tried by the judge without a jury, and he rendered judgment in favor of appellees against said sheriff and his sureties for the amount of appellees’ judgment against Mayes (the same being less than the value of the cattle), after-deducting the amount realized on the sale of said cattle, and for ten per cent, damages and costs.
There is in the record a full and clear statement of the conclusions of fact and law of the trial judge. His conclusions of fact are not controverted, and fully warrant his judgment. It was certainly negligence on the part of the sheriff to take the informal and insufficient replevy bond. It was no better security to appellees than so much blank paper. No valid judgment could have been taken upon it. It was not mentioned in the return upon the attachment writ that a replevy bond had been taken, but the return showed that the cattle levied upon were in the custody of the sheriff. This pretended bond was not even filed in the cause. Under these circumstances, appellees were not bound to take any notice *484 whatever of it. They had the right to disregard it, and take their judgment with a foreclosure of their attachment lien. It was no valid answer by the sheriff, in excuse of his negligence, that appellees’ attorney wrote the return upon the writ, knowing at the time that a replevy bond had been taken. In such cases, the sheriff’s duties are plainly prescribed by statute, and his failure to perform them cannot be excused upon the plea that he trusted their performance to another.
February 14,1885.
§ 536. Indemnity bond; sheriff cannot demand, when. Nor can said sheriff excuse his negligence by the plea that he demanded an indemnity bond of appellees before executing the order of sale, which bond they refused to give. They had already given him one such bond, and the only such bond that the law authorized him to demand. [E. S. art. 165.] Besides, he did not demand this bond until after the cattle had been sold by Mayes, and had been removed from Milam county.
§ 537. Damages against an officer for failing to keep property levied on, etc. There is no error in the judgment awarding appellees ten per cent, damages. The statute provides as follows: “The officer shall keep securely all personal property levied on by him, for which no delivery bond was given; and if any injury or loss should result to any party interested, by his negligence, he and his sureties shall be liable to pay the value of the property so lost, or the amount of injury sustained, and ten per cent, thereon, to be recovered by the party injured, on motion,—three days’ notice being given, — in the court from which the execution issued.” [E. S. art. 2297.] This provision is applicable, also, to attachments and orders of sale. [E. S. arts. 167,168.] There was no delivery bond given for the cattle levied upon. The pretended bond taken by the sheriff had no legal force or effect, and, in contemplation of law, did not and could not release the cattle from the levy.
Affirmed.